UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Flower Factory, Inc., | ) | Case No. |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Russ Kendig |
| An Ohio Corporation | ) | |
| (Employer Tax I.D. No. 34-1367341) | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Flower Factory Online, Inc., | ) | Case No. |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Russ Kendig |
| An Ohio Corporation | ) | |
| (Employer Tax I.D. No. 86-1127311) | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FF North Canton, Inc., | ) | Case No. |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Russ Kendig |
| An Ohio Corporation | ) | |
| (Employer Tax I.D. No. 20-0505283) | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| F.F. Aurora, Inc. (f/k/a F.F. Florence, Inc.), | ) | Case No. |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Russ Kendig |
| An Ohio Corporation | ) | |
| (Employer Tax I.D. No. 20-5837777) | ) | |
| | ) | |

| | |
|---|---|
| In re:<br><br>F.F./Cleveland, Inc.,<br><br>                Debtor.<br><br>An Ohio Corporation<br>(Employer Tax I.D. 34-1909867) | ) Chapter 11<br>)<br>) Case No.<br>)<br>)<br>) Judge Russ Kendig<br>)<br>)<br>)<br>) |
| In re:<br><br>FF Greenwood, Inc.,<br><br>                Debtor.<br><br>An Ohio Corporation<br>(Employer Tax I.D. No. 20-5108220) | ) Chapter 11<br>)<br>) Case No.<br>)<br>)<br>) Judge Russ Kendig<br>)<br>)<br>) |
| In re:<br><br>F.F. Mansfield, Inc.,<br>                Debtor.<br><br>An Ohio Corporation<br>(Employer Tax I.D. No. 26-1114065) | ) Chapter 11<br>)<br>) Case No.<br>)<br>)<br>) Judge Russ Kendig<br>)<br>)<br>) |
| In re:<br><br>ALEMIT Properties, LLC,<br><br>                Debtor.<br><br>An Ohio Limited Liability Company<br>(Employer Tax I.D. No. 20-1422875) | ) Chapter 11<br>)<br>) Case No.<br>)<br>)<br>) Judge Russ Kendig<br>)<br>)<br>) |
| In re:<br><br>Mulqueen Importers, LLC,<br>d/b/a Creative Resources<br><br>                Debtor.<br><br>An Ohio Limited Liability Company<br>(Employer Tax I.D. No. 34-1929284) | ) Chapter 11<br>)<br>) Case No.<br>)<br>)<br>) Judge Russ Kendig<br>)<br>)<br>)<br>) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Mulqueen & Sons, LLC, | ) Case No. |
| | ) |
| Debtor. | ) |
| | ) Judge Russ Kendig |
| An Ohio Limited Liability Company | ) |
| (Employer Tax I.D. No. 34-1824582) | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| Denbar, Inc., | ) Case No. |
| | ) |
| Debtor. | ) |
| | ) Judge Russ Kendig |
| An Ohio Corporation | ) |
| (Employer Tax I.D. No. 34-1824581) | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| Mulden, Inc., | ) Case No. |
| | ) |
| Debtor. | ) |
| | ) Judge Russ Kendig |
| An Ohio Corporation | ) |
| (Employer Tax I.D. No. 34-1860156) | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| Mulqueen Holdings, Inc., | ) Case No. |
| | ) |
| Debtor. | ) |
| | ) Judge Russ Kendig |
| An Ohio Corporation | ) |
| (Employer Tax I.D. No. 20-8378727) | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| RAM Trucking, LLC, | ) Case No. |
| | ) |
| Debtor. | ) |
| | ) Judge Russ Kendig |
| An Ohio Limited Liability Company | ) |
| (Employer Tax I.D. No. 34-1939572) | ) |
| | ) |

## MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Flower Factory, Inc. ("**FFI**"), FF North Canton, Inc. ("**FF North Canton**"), F.F. Aurora, Inc. ("**FF Aurora**"), F.F./Cleveland, Inc. ("**FF Cleveland**"), FF Greenwood, Inc. ("**FF Greenwood**"), F.F. Mansfield, Inc. ("**FF Mansfield**"), Mulden, Inc. ("**Mulden**"), Denbar, Inc. ("**Denbar**"), ALEMIT Properties, LLC ("**Alemit**"), Mulqueen & Sons, LLC ("**M&S**"), Flower Factory Online, Inc. ("**FF Online**"), Mulqueen Importers, LLC ("**Mulqueen Importers**"), RAM Trucking, LLC ("**RAM**") and Mulqueen Holdings, Inc. ("**Mulqueen Holdings**") (each a "**Debtor**" and collectively, the "**Debtors**") in the above-captioned Chapter 11 cases (the "**Cases**")hereby move the Court (the "**Motion**"), pursuant to section 105(a) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the joint administration of the Cases. This Motion is made for procedural purposes only.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

3. On February 15, 2011 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code. The Debtors have requested that the cases be jointly administered for procedural purposes only.

4

4. The Debtors are operating their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed.

*Summary of Capital Structure and Current Business Operations*

5. FFI is a corporation formed under the laws of the State of Ohio and is headquartered in North Canton, Ohio. FFI operates the corporate office and is the central buyer and distributor for retail stores operated by FF North Canton, FF Aurora, FF Cleveland, FF Greenwood, FF Mansfield, Denbar, and Mulden (each a "**Retail Store**" and collectively the "**Retail Stores**"). Each of the Retail Stores operates under the trade name "Flower Factory." FFI orders, transfers and distributes to the Retail Stores various products including, but not limited to, home décor, crafts, gifts, and party supplies.

6. FF North Canton is an Ohio corporation headquartered in North Canton, Ohio. FF North Canton operates the Retail Store located at 5655 Whipple Avenue, North Canton, Ohio, 44720.

7. Denbar is an Ohio corporation headquartered in North Canton, Ohio. Denbar operates the Retail Store located at 4395 Clime Road, Columbus, Ohio, 43228.

8. Mulden is an Ohio corporation headquartered in North Canton, Ohio. Mulden operates the Retail Store located at 480 Miamisburg Centerville Road, Dayton, Ohio, 45459.

9. FF Greenwood is an Ohio corporation headquartered in North Canton, Ohio. FF Greenwood operates the Retail Store located at 7667 S. Shelby Road, Indianapolis, Indiana, 46227.

10. FF Aurora is an Ohio corporation headquartered in North Canton, Ohio. FF Aurora operates the Retail Store located at 18813 N. Market Place, Bainbridge Township, Ohio, 44202.

11. FF Cleveland is an Ohio corporation headquartered in North Canton, Ohio. FF Cleveland operates the Retail Store located at 10830 Brookpark Road, Brooklyn, Ohio, 44130.

12. FF Mansfield is an Ohio corporation headquartered in North Canton, Ohio. FF Mansfield operates the Retail Store located at 929 North Lexington-Springmill Road, Ontario, Ohio, 44906.

13. Alemit is an Ohio limited liability company headquartered in North Canton, Ohio. Alemit is a real estate holding that owns the real property located at 5655 Whipple Avenue, North Canton, Ohio, 44720 (the "**Canton Property**"). Alemit leases the Canton Property to the FF North Canton for its Retail Store and FFI for the cooperate office and warehouse distribution center.

14. M&S is an Ohio limited liability company headquartered in North Canton, Ohio. M&S is a real estate holding company which owns the real estate located at: (1) 10830 Brookpark Road, Brooklyn, Ohio, 44130 (the "**Brooklyn Property**"); (2) 4395 Clime Road, Columbus, Ohio, 43228 (the "**Columbus Property**"); and (3) 480 Miamisburg Centerville Road, Dayton, Ohio, 45459 (the "**Dayton Property**"). M&S leases the Brooklyn Property, the Columbus Property, and the Dayton Property to FF Cleveland, Denbar, and Mulden respectively.

15. FF Online is an Ohio corporation headquartered in North Canton, Ohio. FF Online is a retailer engaged in the online sales of merchandise carried in the Retail Stores.

16. Mulqueen Importers, d/b/a Creative Resources, is an Ohio limited liability company located in Parma, Ohio. Mulqueen Importers is an importer and designer of custom

6

packing for national retailers throughout the United States. Mulqueen Importers sells its custom packing to various retailers including, but not limited to, Mrs. Field's and 1-800 Flowers.

17. RAM is an Ohio limited liability company headquartered in North Canton, Ohio. RAM provides freight carrier services between the FFI warehouse and the Retail Stores.

18. Mulqueen Holdings is an Ohio corporation headquartered in North Canton, Ohio. Mulqueen Holdings is the holding company, which owns directly or indirectly, all of the Debtors, with the exception of Alemit.

19. Dennis E. Mulqueen, Christopher J. Mulqueen, and the Barbara G. Mulqueen Revocable Estate Plan Trusts A & B collectively own all the stock or units, as the case may be, of Mulqueen Holdings. Further, Dennis Mulqueen and the Dennis E. Mulqueen Intentionally Defective Grantor Trust collectively own all the stock or units, as the case may be, of Alemit.

20. Collectively the Debtors employ approximately 320 hourly and salaried employees.

*Pre-Petition Obligations*

    A.    <u>**Obligations to Wells Fargo**</u>

21. **Pre-Petition Credit Facility**. As of the Petition Date, Debtors, along with certain non-debtor affiliates were parties to a certain Credit and Security Agreement, dated as of December 28, 2007 (as amended, restated, modified or supplemented from time to time, the "**Pre-Petition Wells Fargo Credit Agreement**"), among the Debtors, as borrowers, and Wells Fargo Bank, National Association, ("**Wells Fargo**"), as lender (the "**Pre-Petition Lender**"). Pursuant to the Pre-Petition Credit Agreement, the Pre-Petition Lender provided Debtors with a revolving credit facility (the "**Revolving Facility**") in the aggregate principal amount of up to $3,900,000 as the same shall amortize in accordance with its terms. As of February 4, 2011 the

7

outstanding unpaid principal balance under the Revolving Facility was at least $3,195,572.68, plus all accrued and unpaid interest, fees, costs and expenses.

22. **Security**. Pursuant to the Pre-Petition Wells Fargo Credit Agreement, Debtors each granted to the Pre-Petition Lender to secure the prompt payment and performance of the Indebtedness (as defined in the Pre-Petition Wells Fargo Credit Agreement), a lien on and continuing security interest in all accounts, chattel paper, deposit accounts, equipment, general intangibles, goods, instruments, inventory, investment property, letter-of-credit rights and letters of credit (collectively, and as more fully defined in the Pre-Petition Wells Fargo Credit Agreement, the "**Wells Fargo Collateral**"). The liens and security interests granted by the Debtors to the Pre-Petition Lender prior to Petition Date are referred to herein as the "**Wells Fargo Pre-Petition Liens**."

23. **Non-Debtor Guaranties**. Pursuant to a Limited Guaranty, dated as of December 28, 2007 (as amended, restated, modified or supplemented from time to time, the "**Wells Fargo Guaranty Agreement**") executed by Dennis Mulqueen ("**Mulqueen**") in connection with the Pre-Petition Wells Fargo Credit Agreement, Mulqueen has guaranteed the punctual payment when due, whether at stated maturity, by acceleration or otherwise, Indebtedness (as defined in the Pre-Petition Wells Fargo Credit Agreement) to the Pre-Petition Lender under the Pre-Petition Credit Agreement; *provided* that Mr. Mulqueen's maximum liability under the Guaranty Agreement cannot exceed $2,000,000.00.

B. **Obligations to Huntington National Bank**

24. **Pre-Petition Credit Facility**. As of the Petition Date, Debtors (other than FF Aurora, FF Greenwood, FF Mansfield and Alemit) (collectively, the "**Huntington Borrowers**") along with certain non-debtor affiliates were party to a certain Business Loan Agreement, dated

8

as of July 14, 2009, (as amended, restated, modified or supplemented from time to time, the "**Huntington Credit Agreement**"), among the Huntington Borrowers, as borrowers, and The Huntington National Bank, ("**Huntington**"), as lender. Pursuant to the Huntington Credit Agreement, Huntington provided the Huntington Borrowers with a term loan in the original principal amount of $2,574,328.04 (the "**Term Note**"). As of February 4, 2011 the outstanding unpaid principal balance under the Term Note was at least $2,295,728.04.

25. **Security**. Pursuant to that certain Open-End Mortgage dated May 12, 2006 from M&S in favor of Huntington and as security for the Huntington Borrowers' obligations under the Term Note, M&S has mortgaged to all of its respective right, title and interest in and to the Brooklyn Property. As further security for the Term Note, M&S executed an Assignment of Rents with regard to the Brooklyn Property in favor of Huntington.

26. **Non-Debtor Guaranties**. Pursuant to a Commercial Guaranty, dated as of July 14, 2009 (as amended, restated, modified or supplemented from time to time, the "**Huntington Guaranty Agreement**") executed by Mulqueen in connection with the Huntington Credit Agreement, Mulqueen has guaranteed the punctual payment when due, whether at stated maturity, by acceleration or otherwise, of the Huntington Borrowers' obligations under the Term Note; *provided* that Mulqueen's maximum liability under the Huntington Guaranty Agreement cannot exceed $1,287,164.02. Pursuant to a Commercial Guaranty, also dated as of July 14, 2009 (as amended, restated, modified or supplemented from time to time, the "**Mulqueen Trust Guaranty Agreement**") executed by The Barbara G. Mulqueen Revocable Estate Plan Trust U/A/D June 26, 1998 (the "**B. Mulqueen Trust**") in connection with the Huntington Credit Agreement, the B. Mulqueen Trust has guaranteed the punctual payment when due, whether at stated maturity, by acceleration or otherwise, of the Huntington Borrowers' obligations under the

Term Note; *provided* that the B. Mulqueen Trust's maximum liability under the Mulqueen Trust Guaranty Agreement cannot exceed $1,287,164.02.

C. **Obligations to American Equity Investment Life Insurance Company**

27. **Dayton Property**. In April, 2006, M&S executed and delivered to American Equity Investment Life Insurance Company ("**American Equity**") a certain promissory note payable to American Equity in the amount of $4,000,000 ("**$4 Million Note**"). Pursuant to that certain Open-End Mortgage, Security Agreement, Financing Statement and Assignment of Rents from M&S in favor of American Equities and as security for its obligations under the $4 Million Note, M&S has mortgaged to American Equities all of its respective right, title and interest in and to the Dayton Property. As of February 4, 2011 the outstanding unpaid principal balance under the $4 Million Note was at least $3,523,599.00.

28. **Columbus Property.** In April, 2006, M&S executed and delivered to American Equity a certain promissory note payable to American Equity in the amount of $3,400,000 ("**$3.4 Million Note**"). Pursuant to that certain Open-End Mortgage, Security Agreement, Financing Statement and Assignment of Rents from M&S in favor of American Equities and as security for its obligations under the $3.4 Million Note, M&S has mortgaged to American Equities all of its respective right, title and interest in and to the Columbus Property. As of February 4, 2011 the outstanding unpaid principal balance under the $3.4 Million Note was at least $2,994,999.56.

29. **Non-Debtor Guaranties**. Pursuant to a Guaranty Agreement executed by Mulqueen and B. Mulqueen Trust in connection with the $4 Million Note, Mr. Mulqueen and the B. Mulqueen Trust have guaranteed the punctual payment when due, whether at stated maturity, by acceleration or otherwise, of M&S' indebtedness to American Equities under the $4 Million Note (the "**American Equities Guaranty Agreement**"); *provided* that the guarantors' maximum

liability under the American Equities Guaranty Agreement cannot exceed 50% of the principal balance and accrued interest owing under the $4 Million Note.

D. **Obligations to SL Investment Holdings 2008-1, LLC**

30. **North Canton Property.** On April 27, 2006, Alemit executed and delivered to Sun Life Insurance Company of Canada ("**Sun Life**") a certain promissory note in the amount of $10,000,000 ("**Sun Life Note**"). Pursuant to that certain Open-End Mortgage and Security Agreement dated April 27, 2006 in favor of Sun Life and as security for its obligations under the Sun Life Note, Alemit has mortgaged to Sun Life all of its respective right, title and interest in and to the Canton Property. Also in connection with the Sun Life Note, Alemit executed an Assignment of Leases and Rents dated April 27, 2006 with regard to the Canton Property. As of February 4, 2011 the outstanding unpaid principal balance under the Sun Life Note was at least $9,077,804.07.

31. **Non-Debtor Guaranties.** Pursuant to a Guaranty Agreement executed by Mulqueen and B. Mulqueen Trust in connection with the Sun Life Note, Mr. Mulqueen and the B. Mulqueen Trust have guaranteed the punctual payment when due, whether at stated maturity, by acceleration or otherwise, of Alemit's indebtedness under the Sun Life Note (the "**Sun Life Guaranty Agreement**"); *provided* that the guarantors' maximum liability under the Sun Life Guaranty Agreement cannot exceed 35% of the principal balance and accrued interest owing under the Sun Life Note.

*Events Leading to the Filing of These Chapter 11 Cases*

32. The Debtors have faced a series of unanticipated operational and market challenges that have adversely affected their operations and cash flows. These challenges have impaired both the Debtors' suppliers and customers, which in turn have severely affected the

11

Debtors' operations and businesses. Furthermore, the general instability of the retail industry has directly harmed the Debtors' liquidity.

33. As a result of the most recent economic downturn in the retail industry, the Debtors cut any unnecessary costs in order to remain competitive within the industry, including reducing their number of employees and closing certain of their Retail Stores. Specifically, the Debtors began the liquidation process of FF Aurora, FF Cleveland and FF Mansfield. The Debtors anticipate that the aforementioned Retail Stores will be completely liquidated and shut down within sixty (60) to ninety (90) days. However, even with considerable cost cutting efforts, due to the weak national economy and the weak retail industry, the Debtors cannot continue to operate without the protections of the bankruptcy court.

## Relief Requested

34. By this Motion, the Debtors seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b), authorizing the joint administration of the Cases for procedural purposes only.

## Basis for Relief Requested

35. Bankruptcy Rule 1015(b) provides in relevant part, "[i]f a joint petition or two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Court may also exercise its equitable powers to grant the relief requested herein. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a).

36. The Debtors are "affiliates" as such term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Mulqueen Holdings directly or

12

11-60406-rk    Doc 5    FILED 02/15/11    ENTERED 02/15/11 14:48:50    Page 12 of 15

indirectly owns the shares or units, as the case may be, of all the Debtors but Alemit. Further, Dennis E. Mulqueen holds at least twenty percent (20%) of the outstanding shares or units, as the case may be, of Mulqueen Holdings and Alemit. Accordingly, joint administration of the Cases is appropriate pursuant to Bankruptcy Rule 1015(b).

37. The joint administration of the Cases will permit the Clerk of the Court to use a single general docket for each of the Cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in the Cases will affect many or all of the Debtors at the same time. Joint administration will save time, money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein, and (b) file the papers in one case rather than in each of the Debtors' respective Cases.

38. Joint administration will also protect parties in interest by ensuring that parties in interest in each of the Cases will be notified of the various matters before the Court in all of the Cases.

39. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of the Cases because each creditor may still file its claim against a particular estate. In fact, the interests of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Cases by the Office of the United States Trustee will be simplified.

40. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered Cases be as follows:

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Case No. _____ |
| | ) | (Jointly Administered) |
| Flower Factory, Inc., *et al.* | ) | |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |
| | ) | Honorable Russ Kendig |
| | ) | |

41. The Debtors submit that use of this simplified caption, naming only Flower Factory, Inc., without specific reference to the other Debtors, will eliminate cumbersome and confusing procedures and ensure uniformity with respect to pleading identification.

42. Relief similar to the relief requested herein has been granted by courts in this District and elsewhere in other Chapter 11 cases. *See, e.g., In re Dana Lewis McDonalds, LLC*, No. 10-60002 (RK) (Bankr. N.D. Ohio January 9, 2011); *In re B&C Corporation*, No. 09-51458 (MSS) (Bankr. N.D. Ohio April 14, 2009); *In re M&M Drying, Inc.*, No. 08-64058 (RK) (Bankr. N.D. Ohio December 2, 2008); *In re Nexpak Corp.*, No. 04-63816 (RK) (Bankr. N.D. Ohio July 19, 2004); *In re Am. Way Invs. Corp.*, No. 04-42629 (RB) (Bankr. N.D. Ohio June 9, 2004); *In re Waving Leaves, Inc.*, No. 03-66524 (RK) (Bankr. N.D. Ohio Dec. 3, 2003); *In re LTV Steel Co.*, No. 00-43866 (WTB) (Bankr. N.D. Ohio Dec. 29, 2000); *accord In re Dana Corp.*, No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 3, 2006).[1]

## NOTICE

43. As of the date of the filing of this motion, no creditors' committee has been appointed in these Cases. Notice of this Motion has been given to the following parties or, in

---

[1] Because of the voluminous nature of these unreported orders, they are not attached to this Motion. Copies of these orders will be made available to parties upon request from the Debtors' counsel.

14

lieu thereof, to their counsel, if known: (a) the United States Trustee, (b) the Debtors' top twenty (20) largest unsecured creditors as identified on the respective petitions, and (c) the Debtors' secured lenders. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

44. No previous motion for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the Motion and such other or further relief as the Court deems just and proper.

Dated: February 15, 2011                    Respectfully submitted,

/s/ Marc B. Merklin
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Brouse McDowell, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

797725