# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 11-60406 |
| | : | (Jointly Administered) |
| | : | |
| Flower Factory, Inc., et al., | : | Chapter 11 |
| | : | |
| Debtors. | : | Judge Russ Kendig |

**LIMITED OBJECTION OF SL INVESTMENT HOLDINGS 2008-1, LLC
TO MOTION FOR INTERIM AND FINAL ORDERS UNDER 11 U.S.C. §§105(a)
361, 362, 363 AND 364 AND FEDERAL BANKRUPTCY RULES 2002, 4001 AND
9014; (I) AUTHORIZING DEBTORS TO OBTAIN SECURED POST-PETITION
FINANCING AND USE CASH COLLATERAL; (II) GRANTING ADEQUATE
PROTECTION; (III) MODIFYING THE AUTOMATIC STAY; (IV) SETTING
FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

SL Investment Holdings 2008-1, LLC ("**SL Investment**") hereby files its limited objection (the "Objection") to the current proposed terms of post-petition financing and use of cash collateral as provided in the *Motion for Interim and Final Orders Under 11 U.S.C. §§ 105(a), 361, 362, 363 and 364 and Federal Bankruptcy Rules 2002, 4001 and 9014; (I) Authorizing Debtors to Obtain Secured Post-Petition Financing and Use Cash Collateral; (II) Granting Adequate Protection; (III) Modifying the Automatic Stay; (IV) Setting Final Hearing; and (V) Granting Related Relief* [Doc. No. 16] (the "**DIP Financing Motion**") and *Interim Order Under 11 U.S.C. §§ 105(a), 361, 362, 363 and 364 and Federal Bankruptcy Rules 2002, 4001 and 9014; (I) Authorizing Debtors to Obtain Secured Post-Petition Financing and Use of Cash Collateral; (II) Granting Adequate Protection; (III) Modifying the Automatic Stay; (IV) Setting Final Hearing; and (V) Granting Related Relief* [Doc. No. 56] (the "**Interim DIP Financing Order**"].[1] In support of its Objection, SL Investment states as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the DIP Financing Motion and the Interim DIP Financing Order.

**Background**

1. On February 15, 2011, the above-captioned debtors (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"). The cases are being jointly administered for procedural purposes only.

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in these chapter 11 cases. On February 28, 2011, the Office of the United States Trustee (the **U.S. Trustee**") appointed an official committee of unsecured creditors.

4. The Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over the chapter 11 case. Consideration of cash collateral use constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. On April 27, 2006, Debtor Alemit Properties, LLC ("**Alemit**") executed and delivered to Sun Life Assurance Company of Canada ("**Sun Life**") a certain promissory note in the amount of $10,000,000 (the "**Sun Life Note**"). The Sun Life Note was subsequently assigned to SL Investment. A copy of the Sun Life Note is attached hereto as Exhibit A.

6. Pursuant to that certain Open-End Mortgage and Security Agreement dated April 27, 2006 in favor of Sun Life and subsequently assigned to SL Investment (the "**Sun Life Mortgage**"), and as security for its obligations under the Sun Life Note, Alemit mortgaged to Sun Life all of its respective right, title and interest in and to its real property located at 5655 Whipple Avenue, North Canton, Ohio, 44720 (the **"Canton Property"**). A copy of the Sun Life Mortgage is attached hereto as Exhibit B. As further security for the Sun Life Note, Alemit

executed an Assignment of Leases and Rents with regard to the Canton Property in favor of Sun Life (the "**Sun Life Assignment of Rents**") (collectively, the Sun Life Note, the Sun Life Mortgage and the Sun Life Assignment of Rents shall be collectively referred to hereafter as the "**SL Loan Documents**"). A copy of the Sun Life Assignment of Rents is attached hereto as Exhibit C.

7. As of the Petition Date, Debtors Flower Factory, Inc. ("**FFI**") and FF North Canton, Inc. ("**FF North Canton**") were tenants at the Canton Property pursuant to written leases with Debtor Alemit. Pursuant to the SL Loan Documents, the rents payable by Debtors FFI and FF North Canton to Debtor Alemit are cash collateral of SL Investment and comprise a part of the SL Investment Collateral (as defined below).

8. As of the Petition Date, the outstanding unpaid principal balance under the Sun Life Note was at least $9,077,804.07.

9. No amounts have been paid to SL Investment on account of its interests in the SL Loan Documents and the Canton Property since the Petition Date, and SL Investment asserts that its interests in the collateral which secures those interests as set forth in the SL Loan Documents (collectively, the **"SL Investment Collateral"**) are prejudiced by certain provisions of the proposed liens and security interests in favor of the Lenders.

## Objection

10. SL Investment files this Objection as a precautionary measure due to conflicting provisions in the proposed DIP Loan Agreement and/or Interim DIP Financing Order regarding (i) the scope of the liens and security interests to be granted to the Lenders compared to statements made on the record at the Interim Hearing; and (ii) the prohibitions against certain

~ 3 ~

11-60406-rk    Doc 111    FILED 03/09/11    ENTERED 03/09/11 16:05:35    Page 3 of 7

protections in favor of SL Investment under the Bankruptcy Code that are proposed under the DIP Loan Agreement and/or Interim DIP Financing Order.

11. The proposed DIP Loan Documents and Interim DIP Financing Order propose to grant the Lenders sweeping liens and security interests in the broadly and ill-defined "Collateral" without regard to the disparate interests of the various debtors and the term lenders with prepetition interests in certain categories of such Collateral.[2] For example, although SL Investment's interests under the Sun Life Mortgage is a "Permitted Lien" and not subject to the priming liens to be granted to the Lenders, SL Investment's interests under the Sun Life Assignment of Rents is conspicuously absent. SL Investment's interest in the rents payable by Debtors FFI and FF North Canton to Debtor Alemit are interests in property of the estates which must be adequately protected in addition to SL Investment's interest in the North Canton Property. *See*, e.g., *In re Buttermilk Towne Center, LLC*, 2010 Bankr. LEXIS 4563, *20 (6th Cir. BAP 2010); *In re Stearns Bldg.*, 1998 U.S. App. LEXIS 22121 (6th Cir. 1998) (copies of the *Buttermilk Town Center* and *Stearns Bldg.* opinions are attached hereto collectively as Exhibit D.

12. As drafted, the DIP Loan Documents and Interim Order do not expressly provide for the preservation of SL Investment's superior interest in the amounts payable by Debtors FFI and FF North Canton to Alemit under the Sun Life Assignment of Rents, and, in fact, purport to grant Lenders a priming lien in "accounts . . . and rents" in derogation of those rights. Sun Life respectfully submits that the descriptions of the precise assets of the particular Debtors which are to be subject to the Lenders' liens and security interests must be more carefully crafted to exclude all of the liens and security interests held by SL Investment as of the Petition Date,

---

[2] Admittedly, the Lenders and Debtors purport to carve out SL Investment's mortgage interest in the real estate that comprises a portion of the SL Investment Collateral – the North Canton Property – from the priming liens and security interests to be granted in favor of the Lenders.

including the rents payable to Debtor Alemit which constitute "cash collateral" of SL Investment.[3]

13.  The DIP Loan Agreement further provides that it is an event of default thereunder should any other creditor be awarded a super-priority administrative expense claim pursuant to 11 U.S.C § 507(b) on account of a post-petition diminution in the value of a secured creditor's collateral. If, as part of their reorganization efforts, Debtors FFI and/or FF North Canton seek to reject, terminate or renegotiate their lease obligations to Debtor Alemit, SL Investment will have a § 507(b) super-priority administrative expense claim against the Alemit estate on account of any diminution in the value of the SL Investment Collateral resulting from such rejection, termination or renegotiation.

14.  In addition, the Interim Order provides that a "Termination Event" will occur if any of the Debtors seek further orders authorizing use of "Cash Collateral". *See* Interim Order at ¶ 18(z). "Cash Collateral" is defined broadly in ¶ J(v) of the Interim Order and appears to include the rents and accounts of Debtor Alemit that constitute cash collateral of SL Investment. Further, ¶ 18(u) of the Interim Order could be interpreted to prohibit the adequate protection payments to SL Investment that the Debtors have proposed and could also be interpreted to prohibit the granting of any replacement liens in favor of SL Investment as a form of adequate protection for Debtor Alemit's use of SL Investment's cash collateral.

---

[3] A proposed agreed order providing for adequate protection of SL Investment in the SL Investment Collateral has been circulated between Debtors' counsel and SL Investment's counsel but has not been finalized. Currently, Alemit proposes to, *inter alia*, make periodic payments to SL Investment in an amount which is less than the amount payable to Alemit by FFI and FF North Canton under the leases between those affiliated Debtor parties, but there is no provision in the Interim DIP Financing Order or DIP Loan Documents which carves out the rents to which Alemit is otherwise entitled under said leases from the Lenders' liens.

### Reservation of Rights

15.     SL Investment has yet to see a proposed Final Order and expressly reserves its rights to object to or challenge any other provisions of the post-petition financing, and the proposed Final DIP Financing Order or any changes proposed by the Debtors to the terms of the financing which impair SL Investment's rights under the SL Loan Documents and/or the Bankruptcy Code.

WHEREFORE, SL Investment respectfully objects to the DIP Financing Motion and requests that the Court require the modification of the terms of financing and use of Cash Collateral consistent with this Objection and grant such other relief it deems appropriate.

Dated:  March 9, 2011

> Respectfully submitted,
>
> **DINSMORE AND SHOHL, LLP**
>
> */s/ Tim J. Robinson*
> Tim J. Robinson (0046668)
> 191 W. Nationwide Blvd., Suite 300
> Columbus, OH  43215
> Telephone:  513-977-8200
> Facsimile:   614-628-6890
> trobinson@dinslaw.com
>
> *Attorney for SL Investment Holdings 2008-1, LLC*

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing *Limited Objection* was electronically transmitted on March 9, 2011 via the Court's CM/ECF system to the following parties who are listed on the Court's Electronic Mail Notices List:

- Kevin L Bradford — klbradford@nnblaw.com
- Kate M Bradley — kbradley@brouse.com, tpalcic@brouse.com; mmiller@brouse.com
- Edwin H Breyfogle — edwinbreyfogle@sssnet.com
- William P Coley — wpcoley@strausstroy.com, tlreddington@strausstroy.com
- Anthony J DeGirolamo — ajdlaw@sbcglobal.net
- Bridget Aileen Franklin — bfranklin@brouse.com
- Jeffrey Graham — jgraham@taftlaw.com, ecfclerk@taftlaw.com; krussell@taftlaw.com; docket@taftlaw.com
- Harry W Greenfield — bankpleadings@bucklaw.com, young@buckleyking.com; toole@buckleyking.com; heberlein@buckleyking.com
- Cynthia A Jeffrey — ecfndoh@reimerlaw.com, RACJ.ecfndoh@yahoo.com
- Matthew S. Johns — mjohns@taftlaw.com, dhighbaugh@taftlaw.com; ecfclerk@taftlaw.com
- Joseph C Lucci — jclucci@nnblaw.com
- Marc Merklin — mmerklin@brouse.com, tpalcic@brouse.com
- G. Christopher Meyer — christopher.meyer@ssd.com, ann.bell@ssd.com; cle_dckt@ssd.com
- Robert Bruce Preston — rpreston@bmsa.com
- Jean R. Robertson — jrobertson@calfee.com
- Sam O Simmerman — sosimmerman@kwgd.com, mhelmick@kwgd.com
- Gregory D Swope — gswope@kwgd.com, mhelmick@kwgd.com
- United States Trustee — (Registered address)@usdoj.gov
- Nathan A. Wheatley — nwheatley@calfee.com
- Linda Maria Battisti ust21 — Linda.Battisti@usdoj.gov

and via regular U.S. Mail upon the following parties:

Peek-A-Boo Toys Ltd
9040 Pennsauken Hwy
Pennsauken, NJ 08110

*/s/ Tim J. Robinson*
Tim J. Robinson

~ 7 ~

11-60406-rk   Doc 111   FILED 03/09/11   ENTERED 03/09/11 16:05:35   Page 7 of 7