IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE:

FLOWER FACTORY, INC., et al

Debtor.

CASE NO. 11-60406
(jointly administered)

CHAPTER 11

JUDGE KENDIG

**THE HUNTINGTON NATIONAL BANK'S OBJECTION AND JOINDER WITH THE LIMITED OBJECTION OF SL INVESTMENT HOLDINGS 2008-1, LLC TO MOTION FOR INTERIM AND FINAL ORDERS UNDER 11 U.S.C. §§105(a) 361, 362, 363 AND 364 AND FEDERAL BANKRUPTCY RULES 2002, 4001 AND 9014; (I) AUTHORIZING DEBTORS TO OBTAIN SECURED POST-PETITION FINANCING AND USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; (III) MODIFYING THE AUTOMATIC STAY; (IV) SETTING FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

The Huntington National Bank ("**Huntington**") hereby Objects, and joins the limited objection of SL Investment Holdings 2008-1, LLC, (the "Objection") to the current proposed terms of post-petition financing and use of cash collateral as provided in the *Motion for Interim and Final Orders Under 11 U.S.C. §§ 105(a), 361, 362, 363 and 364 and Federal Bankruptcy Rules 2002, 4001 and 9014; (I) Authorizing Debtors to Obtain Secured Post-Petition Financing and Use Cash Collateral; (II) Granting Adequate Protection; (III) Modifying the Automatic Stay; (IV) Setting Final Hearing; and (V) Granting Related Relief* [Doc. No. 16] (the "**DIP Financing Motion**") and *Interim Order Under 11 U.S.C. §§ 105(a), 361, 362, 363 and 364 and Federal Bankruptcy Rules 2002, 4001 and 9014; (I) Authorizing Debtors to Obtain Secured Post-Petition Financing and Use of Cash Collateral; (II) Granting Adequate Protection; (III) Modifying the Automatic Stay; (IV) Setting Final Hearing; and (V) Granting Related Relief*

[Doc. No. 56] (the "**Interim DIP Financing Order**"].[1]  In support of its Objection, Huntington states as follows:

## **Background**

1. On February 15, 2011, the above-captioned debtors (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").  The cases are being jointly administered for procedural purposes only.

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in these chapter 11 cases.  On February 28, 2011, the Office of the United States Trustee (the "**U.S. Trustee**") appointed an official committee of unsecured creditors.

4. The Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over the chapter 11 case.  Consideration of cash collateral use constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. On May 12, 2006, the Debtors[2] obtained a loan from Sky Bank, the predecessor in merger to Huntington, in the amount of $2,900,000, as subsequently amended, evidenced by a note in the amount of $2,900,000 dated May 12, 2006 ("**Original Note**").  On July 14, 2009 the Debtor obtained a loan from Huntington in the amount of $2,574,328.04, evidenced by a promissory note in the amount of $2,574,328.04 dated July 14, 2009 (the "**Note**") which renewed and replaced the Original Note.  A copy of the Note is attached hereto as "Exhibit A."

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the DIP Financing Motion and the Interim DIP Financing Order.

[2] Debtors refers to the following debtors in this consolidated case: Flower Factory, Inc.; FF North Canton, Inc.; Flower Factory Online, Inc.; Mulqueen & Sons, LLC.; Ram Trucking, LLC.; Mulqueen Importers, LLC; F.F./Cleveland, Inc.; Denbar, Inc.; and Mulden, Inc.;

6. To secure payment of the Original Note and performance of the other terms contained in it, Debtors Mulqueen & Sons, LLC, ("**M&S**") executed an Open-End Mortgage in favor of Sky Bank dated May 12, 2006 (the "**Mortgage**") granting a lien on all of its respective right, title and interest in and to certain collateral including real property located at 10830 Brookpark Road, Brooklyn, Cuyahoga County, Ohio as further described in the Mortgage (the "**Real Estate**"), as well as an Assignment of Rents with regards to the Real Estate ("**Assignment of Rents**"). Copies of the Mortgage and Assignment or Rents are attached hereto as "Exhibit B" and "Exhibit C," respectively. The Mortgage and the Assignment of Rents each provide they secure payment of the Original Note and "all renewals of, extensions of, modifications of, consolidations of and substitutions for" the Original Note. (The Note, Mortgage and Assignment of Rents are collectively referred to as the "**Loan Documents**"). (The rights and interests granted to Huntington under the Mortgage and Assignment of Rents is hereafter referred to as the "**Huntington Collateral**").

7. Debtor F.F./Cleveland, Inc., leases the Real Estate from Debtor M & S. Pursuant to the Loan Documents, the rents payable by F.F./Cleveland, Inc., to Debtor M & S are cash collateral of Huntington and comprise a part of the Huntington Collateral.

8. As of the Petition Date, the outstanding unpaid principal balance under the Note was in excess of $2,000,000.

9. No amounts have been paid to Huntington on account of its interests in the Loan Documents and the Real Estate since the Petition Date, and Huntington asserts that the Huntington Collateral is prejudiced by certain provisions of the proposed liens and security interests in favor of the Lenders.

## Objection

10. Huntington Objects, and joins in the Objection, upon the same issues and concerns as those raised in the Objection. Huntington agrees with the Objection in that there are conflicting provisions in the proposed DIP Loan Agreement and/or Interim DIP Financing Order regarding (i) the scope of the liens and security interests to be granted to the Lenders compared to statements made on the record at the Interim Hearing; and (ii) that there are prohibitions against certain protections in favor of certain secured lenders, including Huntington, under the Bankruptcy Code that are proposed under the DIP Loan Agreement and/or Interim DIP Financing Order.

11. Huntington also concurs as was stated in the Objection that the proposed DIP Loan Documents and Interim DIP Financing Order propose to grant the Lenders liens and security interests in the broadly defined "Collateral" without regard to the disparate interests of the various debtors and the term lenders with prepetition interests in certain categories of such Collateral. Although Huntington's interests under the Mortgage is a "Permitted Lien" and not subject to the priming liens to be granted to the Lenders, Huntington's interests under the Assignment of Rents is not included. Huntington's interest in the rents payable to Debtor M & S are interests in property of the estates which must be adequately protected in addition to Huntington's interest in the Real Estate.

12. Also, the DIP Loan Documents and Interim Order do not expressly provide for the preservation of Huntington's superior interest in the amounts payable to M & S under the Assignment of Rents, and, in fact, purport to grant Lenders a priming lien in "accounts . . . and rents" in derogation of those rights.

13. Huntington also concurs with the Objection's analysis and concerns with the DIP Loan Agreement language regarding an event of default should any other creditor be awarded a super-priority administrative expense claim pursuant to 11 U.S.C § 507(b) on account of a post-petition diminution in the value of a secured creditor's collateral. Huntington also could obtain § 507(b) super-priority administrative expense claim against M & S's estate on account of any diminution in the value of the Huntington Collateral resulting from the rejection, termination or renegotiation of M & S's lease with Debtor F.F./Cleveland, Inc.

14. Finally, Huntington concurs with the Objection's analysis and concerns raised by the Interim Order's provision that a "Termination Event" will occur if any of the Debtors seek further orders authorizing use of "Cash Collateral". *See* Interim Order at ¶ 18(z). "Cash Collateral" is defined broadly in ¶ J(v) of the Interim Order and appears to include the rents and accounts of Debtor M & S that constitute cash collateral of Huntington. As stated in the Objection, ¶ 18(u) of the Interim Order could be interpreted to prohibit the adequate protection payments to Huntington that the Debtors have proposed and could also be interpreted to prohibit the granting of any replacement liens in favor of Huntington as a form of adequate protection for Debtor M & S's use of Huntington's cash collateral.

### Reservation of Rights

15. Huntington has yet to see a proposed Final Order and expressly reserves its rights to object to or challenge any other provisions of the post-petition financing, and the proposed Final DIP Financing Order or any changes proposed by the Debtors to the terms of the financing which impair Huntington's rights under the Loan Documents and/or the Bankruptcy Code.

WHEREFORE, Huntington respectfully objects to the DIP Financing Motion and requests that the Court require the modification of the terms of financing and use of Cash Collateral consistent with this Objection and grant such other relief it deems appropriate.

Dated: March 9, 2011

Respectfully submitted,

*/s/ Sam O. Simmerman*
Sam O. Simmerman (0016876) and
Gregory D. Swope (0065123) of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
4775 Munson Street N.W./P.O. Box 36963
Canton, OH 44735-6963
Phone: (330) 497-0700/Fax: (330) 497-4020
sosimmerman@kwgd.com / gswope@kwgd.com
ATTORNEYS FOR THE HUNTINGTON
NATIONAL BANK

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing *Limited Objection* was electronically transmitted on March 9, 2011 via the Court's CM/ECF system to the following parties who are listed on the Court's Electronic Mail Notices List:

- Kevin L Bradford    klbradford@nnblaw.com
- Kate M Bradley    kbradley@brouse.com, tpalcic@brouse.com;mmiller@brouse.com
- Edwin H Breyfogle    edwinbreyfogle@sssnet.com
- William P Coley    wpcoley@strausstroy.com, tlreddington@strausstroy.com
- Anthony J DeGirolamo    ajdlaw@sbcglobal.net
- Bridget Aileen Franklin    bfranklin@brouse.com
- Jeffrey Graham    jgraham@taftlaw.com, ecfclerk@taftlaw.com;krussell@taftlaw.com;docket@taftlaw.com
- Harry W Greenfield    bankpleadings@bucklaw.com, young@buckleyking.com;toole@buckleyking.com;heberlein@buckleyking.com
- Cynthia A Jeffrey    ecfndoh@reimerlaw.com, RACJ.ecfndoh@yahoo.com
- Matthew S. Johns    mjohns@taftlaw.com, dhighbaugh@taftlaw.com;ecfclerk@taftlaw.com
- Gus Kallergis    gkallergis@calfee.com
- Joseph C Lucci    jclucci@nnblaw.com
- Marc Merklin    mmerklin@brouse.com, tpalcic@brouse.com
- G. Christopher Meyer    christopher.meyer@ssd.com, ann.bell@ssd.com;cle_dckt@ssd.com
- Robert Bruce Preston    rpreston@bmsa.com
- Jean R. Robertson    jrobertson@calfee.com
- Tim Robinson    trobinson@dinslaw.com
- Kevin P. Shannon    kshannon@calfee.com
- Sam O Simmerman    sosimmerman@kwgd.com, mhelmick@kwgd.com
- Gregory D Swope    gswope@kwgd.com, mhelmick@kwgd.com
- United States Trustee    (Registered address)@usdoj.gov
- Nathan A Wheatley    nwheatley@calfee.com
- Linda Maria Battisti ust21    Linda.Battisti@usdoj.gov

and via regular U.S. Mail upon the following parties:

    Peek-A-Boo Toys Ltd
    9040 Pennsauken Hwy
    Pennsauken, NJ 08110

    BrouseMcDowell
    388 South Main Street
    Suite 500
    Akron, OH  44308

    */s/ Sam O. Simmerman*
    Sam O. Simmerman, Esq.