UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Flower Factory, Inc., *et al.*,[1] | ) | Case No. 11-60406 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**LIMITED OBJECTION OF AMERICAN EQUITY LIFE INSURANCE COMPANY TO DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS UNDER 11 U.S.C. §§ 105(a), 361, 362, 363, AND 364 AND FEDERAL BANKRUPTCY RULES 2002, 4001, AND 9014: (I) AUTHORIZING DEBTORS TO OBTAIN SECURED POST-PETITION FINANCING AND USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; (III) MODIFYING THE AUTOMATIC STAY; (IV) SETTING FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

American Equity Life Insurance Company ("American Equity"), by and through its undersigned attorneys, hereby files its limited objection (the "Objection") to the current proposed terms of post-petition financing and use of cash collateral as provided in the *Motion for Interim and Final Orders Under 11 U.S.C. §§ 105(a), 361, 362, 363, and364 and Federal Bankruptcy Rules 2002, 4001, and 9014: (I) Authorizing Debtors to Obtain Secured Post-Petition Financing and Use of Cash Collateral; (II) Granting Adequate Protection; (III) Modifying the Automatic Stay; (IV) Setting Final Hearing; and (V) Granting Related Relief* [Docket No. 16] (the "DIP Financing Motion") and *Interim Order Under 11 U.S.C. §§ 105(a), 361, 362, 363, and 364 and Federal Bankruptcy Rules 2002, 4001, and 9014: (I) Authorizing Debtors to Obtain Secured Post-Petition Financing and Use of Cash Collateral; (II) Granting Adequate Protection; (III) Modifying the*

---

[1] The Debtors in this case include Flower Factory, Inc., Case No. 11-60406, Flower Factory Online, Inc., Case No. 11-60408, ALEMIT Properties, LLC, Case No. 11-60411, Denbar, Inc., Case No. 11-60412, FF North Canton, Inc., Case No. 11-60414, F.F. Aurora, Inc., Case No. 11-60415, F.F./Cleveland, Inc., Case No. 11-60417, FF Greenwood, Inc., Case No. 11-60419, F.F. Mansfield, Inc., Case No. 11-60420, Mulqueen Importers, LLC, Case No. 11-60421, Mulqueen & Sons, LLC, Case No. 11-60423, Mulden, Inc., Case No. 11-60424, Mulqueen Holdings, Inc., Case No. 11-

*Automatic Stay; (IV) Setting Final Hearing; and (V) Granting Related Relief* [Docket No. 56] (the "Interim DIP Financing Order").[2] In support of its Objection, American Equity states as follows:

## BACKGROUND

1. On February 15, 2011 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of tile 11 of the United States Code (the "Bankruptcy Code"), thereby commencing these cases. The Debtors' cases are being jointly administered pursuant to an order of this Court.

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession under §§ 1107(a) and 1108 of the Bankruptcy Code.

3. On February 28, 2011, the Office of the United States Trustee (the "UST") appointed an Official Committee of Unsecured Creditors in these cases (the "Committee").

4. As of the Petition Date, debtor Mulqueen & Sons, LLC ("M&S") is obligated to American Equity under the terms of: (i) a Promissory Note dated April 27, 2006, in the amount of $4,000,000 (the "Dayton Note"); and (ii) a Promissory Note also dated April 27, 2006, in the amount of $3,400,000 (the "Columbus Note").

5. Pursuant to that certain Open-End Mortgage, Security Agreement, Financing Statement and Assignment of Rents from M&S in favor of American Equity dated April 27, 2006 (the "Dayton Mortgage"), and as security for its obligations under the Dayton Note, M&S has mortgaged to American Equity all of its respective right, title, and interest in and to the real estate, improvements, rents, income, issues, revenue, profits, and other property (all as described more fully in the Dayton Mortgage) in connection with or located at 480 Miamisburg Centerville Road, Dayton,

---

60425, and RAM Trucking, LLC, Case No. 11-60426.
[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the DIP Financing Motion and the Interim DIP Financing Order.

2

Ohio, 45459 (the "Dayton Property"). A true and correct copy of the Dayton Mortgage is attached hereto as Exhibit A. As further security for the Dayton Note, M&S executed an Assignment of Leases and Rents with regard to the Dayton Property in favor of American Equity (the "Dayton Assignment of Rents" and, together with the Dayton Note and the Dayton Mortgage, the "Dayton Loan Documents"). M&S currently leases the Dayton Property to Mulden, Inc. A true and correct copy of the Dayton Assignment of Rents is attached hereto as Exhibit B.

6. Pursuant to that certain Open-End Mortgage, Security Agreement, Financing Statement and Assignment of Rents from M&S in favor of American Equity dated April 21, 2006 (the "Columbus Mortgage"), and as security for its obligations under the Columbus Note, M&S has mortgaged to American Equity all of its respective right, title, and interest in and to the real estate, improvements, rents, income, issues, revenue, profits, and other property (all as described more fully in the Columbus Mortgage) in connection with or located at 4395 Clime Road, Columbus, Ohio, 43228 (the "Columbus Property"). A true and correct copy of the Columbus Property Mortgage is attached hereto Exhibit C. As further security for the Columbus Note, M&S executed an Assignment of Leases and Rents with regard to the Columbus Property in favor of American Equity (the "Columbus Assignment of Rents" and, together with the Columbus Note and the Columbus Mortgage, the "Columbus Loan Documents"). M&S currently leases the Columbus Property to Denbar, Inc. (together with Mulden, Inc., the "Tenants"). A true and correct copy of the Columbus Assignment of Rents is attached hereto as Exhibit D.

7. As of the Petition Date, the outstanding unpaid principal balance due under the Dayton Note was at least $3,523,599.00, and the outstanding principal balance due under the Columbus Note was at least $2,994,999.56.

## JURISDICTION

8. The Court has jurisdiction over these chapter 11 cases and the Objection pursuant to 28 U.S.C. §§ 157(b) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases and this Objection is proper in this district and division pursuant to 28 U.S.C. §§ 1408 and 1409.

## OBJECTION

9. American Equity files this Objection solely as a precautionary measure, in view of its concerns regarding certain provisions in (or aspects of) the proposed DIP Loan Agreement and/or Interim DIP Financing Order. For purposes of this Objection, American Equity assumes the form of final DIP financing order will resemble the Interim DIP Financing Order. Therefore, any references to the Interim DIP Financing Order below are meant to include the final form of that order, to the extent it contains the same or substantially similar provisions.

10. The proposed DIP Loan Agreement and Interim DIP Financing Order (in the form presented as a final order) should be modified to better reflect American Equity's first priority liens with respect to the Columbus Property and the Dayton Property and all rents, income, revenue, and profits arising from them (whether before, on, or after the Petition Date), and to reiterate what was represented at the "first day" hearings in these cases – namely, that Wells Fargo Bank, National Association (the "DIP Lender"), will not be granted a "priming lien" as against American Equity's collateral. Indeed, even if the Debtors were proposing to "prime" American Equity's interests (which the Debtors have represented they are not seeking to do), "priming" is not permissible here. American Equity's liens on its collateral cannot be "primed" unless its interests are adequately protected, *see* 11 U.S.C. § 364(d)(1)(B), and no such adequate protection has been provided to American Equity as part of the proposed financing arrangements. Yet, the Debtors' efforts to explicitly memorialize their intent not to "prime" American Equity have fallen somewhat short of

4

the mark. American Equity's interests under the Dayton Mortgage and the Columbus Mortgage are "Permitted Liens," as such term is defined in section 6.3 of the DIP Loan Agreement, and thus are and will remain prior to any liens in favor of the DIP Lender. But the DIP Loan Agreement and the Interim DIP Financing Order do not also refer to American Equity's first priority interests under the Dayton Assignment of Rents or the Columbus Assignments of Rents. American Equity's interest in the rents payable by the Tenants to M&S (including, by operation of § 552(b)(2) of the Bankruptcy Code, its interest in rents arising post-petition) also must be adequately protected. The DIP Loan Agreement and the Interim DIP Financing Order should be clarified accordingly and American Equity's rights should be preserved.

11. Aside from being clarified to better acknowledge American Equity's first priority liens and interests in its collateral, including pre-petition and post-petition rents, certain aspects of the DIP Loan Agreement should be revised or deleted. If M&S or the Tenants seek to reject, terminate, or alter the leases of the Columbus Property or the Dayton Property, American Equity will or could be entitled (among other possible relief) to a "super-priority" administrative claim under § 507(b) of the Bankruptcy Code, on account of a diminution in the value of its collateral. The DIP Loan Agreement provides, though, that if any other creditor is awarded such a super-priority administrative expense claim, the Debtors will be in default.

12. The DIP Loan Agreement does not take account of American Equity's rights in certain other respects. For example, section 3.5 of the DIP Loan Agreement purports to assign to the DIP Lender the Debtors' rights to any insurance proceeds, without recognizing American Equity's (or other real property lenders') rights in any insurance policies and proceeds relating to their collateral. Likewise, section 3.6 of the DIP Loan Agreement purports to empower the DIP Lender to take "exclusive possession" of and use the Debtors' business premises (potentially including the

5

Columbus Property and the Dayton Property) during any "Default Period," but without having to pay rent for such possession or use. Such also is or may be in derogation of American Equity's rights and interests as the mortgagee and assignee of rents for those premises.

13. Likewise, the Interim DIP Financing Order contains certain problematic language that may impede American Equity's rights and interests. In its current form, the Interim DIP Financing Order identifies various "Termination Events," the occurrence of which may or would cause the automatic stay to be lifted and/or would enable the DIP Lender to exercise various rights. Among these are ¶s 18(u) and 18(z) of the Interim DIP Financing Order. The former subparagraph provides that a Termination Event will occur if (among other things) adequate protection liens are granted to any creditor other than as permitted by that or any final financing order. The latter subparagraph provides that a Termination Event will occur if the Debtors seek permission to use Cash Collateral or grant liens that are equal or senior to those of the DIP Lender (or Wells Fargo, as Pre-Petition Lender). "Cash Collateral" is defined broadly in ¶ J(v) of the Interim DIP Financing Order and may include the rents of M&S that constitute cash collateral of American Equity. Either individually or in combination, ¶s 18(u) and 18(z) (if retained in any final financing order) might be interpreted to hinder the Debtors from making adequate protection payments that have been proposed to American Equity or in granting replacement liens to American Equity.

**Reservation of Rights**

14. American Equity has not received or reviewed any proposed final form of DIP financing order. It therefore reserves its rights with respect to any such Order, including as such may relate to or otherwise affect American Equity's claims, liens, or interests.

WHEREFORE, American Equity respectfully objects to the DIP Financing Motion and requests that the Court require the Debtors to modify the terms of the DIP financing and proposed

6

11-60406-rk    Doc 113    FILED 03/09/11    ENTERED 03/09/11 17:50:21    Page 6 of 9

use of Cash Collateral so that they are consistent with this Objection, and that the Court grant such other and further relief to American Equity as is just and proper.

               Respectfully submitted,

               /s/ *Jeffrey C. Toole*
               HARRY W. GREENFIELD (0003839)
               greenfield@buckleyking.com
               JEFFREY C. TOOLE (0064688)
               toole@buckleyking.com
               Buckley King LPA
               1400 Fifth Third Center
               600 Superior Avenue, East
               Cleveland, Ohio 44114
               Telephone: (216) 363-1400
               Facsimile: (216) 579-1020

               Attorneys for American Equity Investment
               Life Insurance Company

954077_1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 9, 2011, true and correct copies of the foregoing *Limited Objection of American Equity Life Insurance Company to Motion for Interim and Final Orders under 11 U.S.C. §§ 105(a), 361, 362, 363, and 364 and Federal Bankruptcy Rules 2002, 4001, and 9014***;** *and (I) Authorizing Debtors to Obtain Secured Post-Petition Financing and Use Cash Collateral; (II) Granting Adequate Protection; (III) Modifying the Automatic Stay; (IV) Setting Final Hearing; and (V)Granting Related Relief* are being served on the following registered ECF participants, electronically through the Court's ECF System at the following e-mail addresses registered with the Court:

Kate M. Bradley
kbradley@brouse.com

Marc Merklin
mmerklin@brouse.com

Linda Maria Battisti
Linda.Battisti@usdoj.gov

Tim Robinson
trobinson@dinslaw.com

Kevin L. Bradford
klbradford&nnblaw.com

Edwin H. Breyfogle
edwinbreyfogle@sssnet.com

William P. Coley
wpcoley@strausstroy.com
tlreddington@strausstroy.com

Bridget Aileen Franklin
bfranklin@brouse.com

Joseph C. Lucci
jclucci@nnblaw.com

Robert Bruce Preston
rpreston@bmsa.com

United States Trustee
(registered address)@usdoj.gov

G. Christopher Meyer
cmeyer@ssd.com

Sam O. Simmerman
sosimmerman@kwgd.com

Gregory D. Swope
gswope@kwgd.com

Anthony J. DeGirolamo
ajdlaw@sbcglobal.net

Jeffrey Graham
jgraham@taftlaw.com
Matthew S. Johns
mjohns@taftlaw.com

Cynthia A. Jeffrey
ecfndoh@reimerlaw.com
RACJ.ecfndoh@yahoo.com

| | |
|---|---|
| Jean R. Robertson<br>jrobertson@calfee.com | Gus Kallergis<br>gkallergis@calfee.com<br>Kevin P. Shannon |
| Nathan A. Wheatley<br>nwheatley@calfee.com | kshannon@calfee.com |

and true and correct copies are being served by depositing same in the U.S. mail, first class postage prepaid, addressed to:

| | |
|---|---|
| Peek-A-Boo Toys Ltd.<br>9040 Pennsauken Hwy<br>Pennsauken, NJ 08110 | Amscan, Inc.<br>c/o Vita S. Spano<br>80 Grasslands Road<br>Elmsford, NY 10523 |
| Loral Ontario Property, LLC<br>c/o Alan Ratliff<br>2363 Eagle Pass<br>Suite D<br>Wooster, Ohio 44691 | Cox Ohio Media Group<br>c/o Charles Daker<br>1611 S. Main Street<br>Dayton, Ohio 45409 |
| Allstate Floral & Craft, Inc.<br>c/o Wendy Zhao<br>14038 Park Place<br>Cerritos, CA 90703 | V&V Lakeshore, Ltd.<br>c/o Vincent Fond, Jr.<br>130 Churchill Hubbard Road<br>Youngstown, Ohio 44505 |

/s/ *Jeffrey C. Toole*
JEFFREY C. TOOLE